**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION NO. 6:20-cv-340 |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| MICROSOFT CORPORATION | § § | |
| Defendant. | § § | |

**ORIGINAL COMPLAINT FOR PATENT
INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Microsoft Corporation ("Microsoft" or "Defendant") and alleges:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

**THE PARTIES**

2.      Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3.      On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

9

4.      On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

5.      On information and belief, Microsoft has had regular and established places of business in this judicial district since at least 2002.

### JURISDICTION AND VENUE

6.      This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has specific and general personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute, because Microsoft has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum. For example, on information and belief, Microsoft has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9.      Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b).

10.     This district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6-19-cv-00572 (*Zeroclick, LLC v. Microsoft Corporation* ); 6-19-cv-00687 (*Exafer, Ltd. v. Microsoft Corporation.*); and 6-19-cv-00399 (*Neodron Ltd. v. Microsoft Corporation*).

9

11.     On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations.

12.     On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

13.     On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

14.     On information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and "Microsoft Retail Store: The Domain" located at  3309 Esperanza Crossing, Suite 104 Austin, Texas  78758.



https://www.microsoft.com/en-us/about/officelocator?Location=78759

15.     On information and belief, Microsoft's "Corporate Sales Office: Austin" and "Microsoft Retail Store: The Domain" locations were respectively assessed by the Travis County Appraisal District in 2019 to have market values of over $2.3 million dollars and $2.7 million dollars.



http://propaccess.traviscad.org/clientdb/SearchResults.aspx

16.     On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258.



Source: Google Maps

17.     On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, Texas 78251; 5200 Rogers Road, San Antonio, Texas 78251; 3823 Weisman Boulevard, San Antonio, Texas 78251; and 15000 Lambda Drive, San Antonio, Texas 782245.

18.     On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business. As a non-limiting example, the data centers in San Antonio are referred to within Microsoft as "US Gov Texas."

19.     On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 8,625,758

20.     Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

21.     On January 7, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,625,758 ("the '758 Patent"), entitled "Method, a Telecommunication System and a Network Node for Sponsoring a Communication Service." A true and correct copy of the '758 Patent is attached as Exhibit A to this Complaint.

22.     Brazos is the owner of all rights, title, and interest in and to the '758 Patent, including the right to assert all causes of action arising under the '758 Patent and the right to any remedies for the infringement of the '758 Patent.

23.     Microsoft makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, group

meeting platform managers, including Microsoft Skype Manager (collectively, the "Accused Products").

24.     Microsoft's Skype is a telecommunications application and platform that provides video chat and voice calls between computers, tablets, mobile devices, the Xbox One console, and smartwatches via the Internet. Skype also provides instant messaging services. Users may transmit text, video, audio, and images.  Skype Manager is a web-based management tool that allows an administrator centrally manage Skype for a business, including setting up business Skype accounts for employees, keeping track of costs, allocating features, and monitoring Skype usage.



https://www.skype.com/en/skype-manager/

25.     The Accused Products allow a business to sponsor the communications conducted by employees with Skype accounts on the Skype service.  The administrator using the Accused Products handles buying credit and features instead of the employees themselves.



https://www.skype.com/en/skype-manager/

26.     An administrator can use the Accused Products to add credits to the business's account and allocate these credits to the employees.



https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf

27.     After purchasing the credits, an administrator can allocate different features to the employees. Whenever an employee uses communication service (e.g. makes a call), a request is

generated for the employee if respective features and credits are available for the employee to establish the communication service.



• **Allocate Skype Credit**
Buy Skype Credit centrally and then allocate it to your employees as needed. Monitor their expenditure and usage with reports that can be generated at a company, departmental or employee level.

• **Allocate features**
Give your employees the tools they need to collaborate and work smarter. Buy and allocate features like subscriptions, group video calling, Online Numbers, call forwarding and voicemail.

All products are pre-paid giving you flexibility over how you manage your company's expenditure on Skype and for many features, you can decide whether to be billed monthly, quarterly or annually.

Skype Manager is the simple way to manage Skype in your business.

https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf

28.     Under the Member's Allocations sections, an administrator using the Accused Products can view the services and features allocated to respective employees. These services and features help in evaluating different charges incurred by the business in sponsoring the cost of services allocated to employees, and the rules allowing access to particular employees for individual services can be dynamically accessed and adjusted.



**7.4 Displaying a Member's Allocations report**

This report provides a detailed list of the features allocated to a specific member in a given month. This report is particularly useful if you want to find out which features have been allocated to a member and how much it has cost.

https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf

29.     As an example, an employee will be charged differently if they call mobile and landline number services for different countries. Thus, the different credit amounts will be

deducted from the given credits of the business as the calls occur.



https://www.skype.com/en/features/call-phones-and-mobiles/

30.     Similarly, online text messaging communication service has different charges than phone and landline number services. Thus, the business will be charged differently if an employee uses different services.

**Online Texting Rates**

You'll need Skype Credit to send text messages at really low rates. SMS text message rates vary by where the phone is that you're texting. Try Skype for a month free and see how easy it is to send online texts. Plus, there are many ways to pay for Skype and they vary by country. You'll love texting online with Skype. Text from anywhere via the Skype app on your phone or on your desktop. It works on every device and is available for Windows, OSX, iPhone, iPad, Android, Xbox or in your browser.

https://www.skype.com/en/features/sms/

31.     An employee can thus directly use different services based on their subscriptions provided by the administrator and the credits allocated to the business.



https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf

32.     An administrator using the Accused Products allocates credits to employees, who can be group members. The group members incur charges based on the services used. An administrator can analyze detailed usage of services by the employees with the help of member usage reports where they can see the charging records based on the usage by the employees.



https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf



https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf

33.     In view of preceding paragraphs, each and every element of at least claim 1 of the '758 Patent is found in the Accused Products.

34.     Microsoft has and continues to directly infringe at least one claim of the '758 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

35.     Microsoft has received notice and actual or constructive knowledge of the '758 Patent since at least the date of service of this Complaint.

36.     Since at least the date of service of this Complaint, through its actions, Microsoft has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '758 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.skype.com/en/skype-manager/
- https://www.skype.com/en/features/call-phones-and-mobiles/
- https://download.skype.com/share/business/guides/skype-manager-user-guide.pdf
- https://www.skype.com/en/features/sms/

37.     Since at least the date of service of this Complaint, through its actions, Microsoft has contributed to the infringement of the '758 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '758 Patent. The Accused Products are

especially made or adapted for infringing the '758 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '758 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A)     Enter judgment that Microsoft infringes one or more claims of the '758 Patent literally and/or under the doctrine of equivalents;

(B)     Enter judgment that Microsoft has induced infringement and continues to induce infringement of one or more claims of the '758 Patent;

(C)     Enter judgment that Microsoft has contributed to and continues to contribute to the infringement of one or more claims of the '758 Patent;

(D)     Award Brazos damages, to be paid by Microsoft in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Microsoft of the '758 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E)     Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F)     Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: April 29, 2020                              Respectfully submitted,

*/s/ James L. Etheridge*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296

ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**